*OFFICE OF THE CHAPTER 13 STANDING TRUSTEE*
Joni L. Gray, Esquire
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden)**

| | |
|---|---|
| **IN RE:** <br><br> **WANDA K. LEE-JACKSON** <br><br> Debtor(s). | Proceedings in Chapter 13 <br><br> Case No. 24-18268 (ABA) <br><br> *CERTIFICATION IN SUPPORT OF ORDER DISMISSING CASE* |

I, Joni L. Gray, am authorized to make this certification.

1. I am Counsel for Andrew B. Finberg, the Chapter 13 Standing Trustee for Region 3 pursuant to an order entered by the Office of the United States Trustee, United States Department of Justice.

2. I am personally familiar with the matters set forth herein and I am qualified to testify about them.

3. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 105.

4. Debtor filed for Chapter 13 bankruptcy protection on August 21, 2024.

5. Debtor's Chapter 13 plan proposes to pay $660 for 60 months to pay administrative fees totaling $3,600; cure pre-petition mortgage arrears via loan modification to be completed no later than July 31, 2025; pay priority tax liability

    due to the State of New Jersey in the amount of $358.15; pay FIG NJ 19, LLC $659.04 through the plan for pre-petition water/sewer lien; pay $359.92 to Garden State Investment for water and sewer lien; with no less than $30,000 to unsecured creditors who filed timely claims. (See Doc No. 15)

6. On September 20, 2024, a Consent Order Resolving Bad Faith Filings and Allowing Case to Continue was entered by the Court. Pursuant to the Order, in the event Debtor's case is dismissed, Debtor shall be barred from filing for bankruptcy protection under Chapter 13 for a period of 2 years from the date of dismissal of Debtor's case. (See Doc No. 22)

7. On April 2, 2025, at the 6th listing for Confirmation, this matter was held for Your Honor. On April 4, 2025, A Final Adjournment Order was entered by the Court adjourning Confirmation to May 21, 2025. Pursuant to the Order, Debtor shall provide the Trustee the following information no later than 10:00 a.m. on May 19, 2025:

  1. Comparative Market Analysis with comps for residence;

  2. Proof of income for babysitting;

  3. Certification of Debtor for babysitting;

  4. Profit & loss for LLC dated 1/1/2024 – 6/30/2024;

  5. File Pre-Confirmation Certification; and

  6. Resolve estimated proof of claim filed by the State of New Jersey.

In the event Debtor fails to comply with the Order, the case may be dismissed upon the filing of a certification of default and proposed order by the Trustee and the Court may enter that proposed Order prior to the Final Adjournment Date

without further notice.   If Debtor opposes the relief set forth in the Order or to dismissal of the case, Debtor must file a Certification in support of said obligation no later than seven (7) days prior to the Final Adjournment Date.   In the event opposition is filed, Debtor and Debtor's counsel must appear at the Final Adjournment Date in person.

8. Amended Schedules I/J were filed on Sunday, May 18, 2025, removing Debtor's employment at NYC Health and Hospital, removing the mortgage payment expense and reducing the net disposable income to $486 with a notation that Debtor was denied a loan modification, intends to sell the property, and the expenses may change if Debtor is re-hired at her old position.

9. A profit and loss for the LLC, a business questionnaire, and a termination of employment letter, were received by the Trustee at 9:45 a.m., Monday, May 19, 2025, 15 minutes prior to the deadline to have this matter resolved.   The Trustee has not had time to review the documents submitted to determine if they satisfy the Trustee's requests.

10. A Modified Chapter 13 Plan changing the treatment of Rocket Mortgage LLC, proposing the sale of real estate, has not been filed.

11. The State of New Jersey proof of claim filed on August 30, 2024, has not been amended and remains estimated.

12. Debtor did not file opposition to the relief set forth in the Order entered April 4, 2025.

13. Based on the foregoing, the Trustee cannot recommend confirmation of Debtor's case and respectfully requests the Court enter the Order Dismissing Case which is

contemporaneously being electronically filed with the Court.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

Dated: May 19, 2025                                 By: /s/ *Joni L. Gray*
                                                                    Joni L. Gray
                                                                    Counsel